UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SONIA PRIMEAUX** | **CASE NO.  2:18-CV-01199** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MEGAN J BRENNAN** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

  Before the Court is a "Motion for Summary Judgment" [Doc. 31] filed by defendant Louis DeJoy[1], Postmaster General of the United States Postal Service ("Postal Service"), who moves for summary judgment on the basis that there are no genuine issues of material facts as to elements of this claim for which the Plaintiff bears the burden of proof. The plaintiff has not filed an opposition to this motion; thus, the Court considers the motion unopposed. However, the Court will address the issues raised in the motion.

**FACTUAL STATEMENT**

  Plaintiff, Sonia Primeaux, has been employed by the Postal Service for twenty-five (25) years.[2] Ms. Primeaux was employed as the Lead Sales and Service Associate at the Post Office in Jennings, Louisiana and is also assigned to work a modified job as a clerk at the Post Office in Evangeline, Louisiana.[3]

---

[1] Post Master General Louis DeJoy has been substituted for former Post Master Megan J. Brennan. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").
[2] Doc. 30-1.
[3] Doc. 1.

At the time the lawsuit was filed, Ms. Primeaux was fifty-five (55) years of age.[4] Ms. Primeaux claims to have a disability of tendonitis in both feet, plantar fasciitis, left knee, and lower back issues.[5] Ms. Primeaux has had prior EEO activity in 2013, which was resolved in a settlement, and this claim resulted in her being assigned a stool to accommodate her alleged foot injury that she sustained while working.[6]

During her employment with the Postal Service, Ms. Primeaux has participated in discussions and received instructions for carrying out her job in a safe manner.[7] On September 12, 2016, was given a Job Safety Analysis/Standard Operating Procedure (JSA/SOP), which specifically addressed her job duties and hot to perform them safely. Ms. Primeaux did not consent to the safety techniques and refused to sign the JSA/SOP.[8]

On May 8, 2017, Ms. Primeaux fell down the stairs at the Evangeline Post Office while carrying a package.[9] On May 23, 2017, an investigative interview was held with Ms. Primeaux regarding the fall, which resulted in Ms. Primeaux receiving a conditional seven-day suspension for unsafe work practice, dated June 5, 2017.[10] Ms. Primeaux timely grieved the Notice of Seven-Day Suspension which placed the suspension in abeyance pending its conclusion.[11] Accordingly, Ms. Primeaux never served the seven-day suspension.[12]

---

[4] *Id.*
[5] *Id.*
[6] Doc. 30-1.
[7] *Id.*
[8] Doc. 30-3 p. 40.
[9] Doc. 1.
[10] *Id.*
[11] Doc. 30-1.
[12] *Id.*

Ms. Primeaux received a notice on July 26, 2017 in an Offer of Modified Assignment that her non-scheduled days off were changed from Saturday/Sunday to Sunday/Wednesday.[13] In her complaint, Ms. Primeaux alleges that the schedule change was taken in retaliation for her previous EEO activity.[14] Postmaster Greg Percle was the management official responsible for issuing the Modified Assignment. In his affidavit, Postmaster Percle asserts that the schedule was changed due to mandates by Postal Service components in the Southern Region to eliminate a full day of overtime being used on Saturdays.[15]

Ms. Primeaux was involved in a motor vehicle accident, on March 6, 2020, while on duty for the Postal Service.[16] As a result of the motor vehicle accident, Ms. Primeaux began receiving workers compensation benefits at her full rate of pay, and she stopped working.[17] In her deposition, Ms. Primeaux explains that she is a "code 6700" which means she will receive her full rate of pay for the rest of her life, she plans to remain on workers compensation for the foreseeable future, and she is unsure about returning to work.[18]

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---

[13] Doc. 1.
[14] Doc. 1.
[15] Doc. 31-4 p. 12.
[16] Doc. 30-1.
[17] *Id.*
[18] Doc. 30-3 p. 6.

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court may not grant a motion for summary judgment solely on the grounds that it is unopposed and the moving party must still meet its burden as described above. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When the motion

is unopposed, however, the court may accept the movant's evidence as undisputed. *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 437 (S.D. Tex. 2015).

## **LAW AND ANALYSIS**

The governing legal standard for discrimination claims is set forth in *McDonnell Douglas v. Green* 411 U.S. 792 (1973). Under *McDonnell Douglas,* the complainant bears the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 802. To make a *prima facie* case, a complainant must show: (1) the complainant belongs to a protected group; (2) the complainant was subjected to an adverse employment action; and (3) similarly-situated persons who were not members of the protected group were treated more favorably.

If the complainant establishes a *prima facie* case, the burden of production of evidence shifts to the employer to articulate a legitimate, non-discriminatory reason for the alleged adverse action. *Id.* at 803.

In the instant case, Defendants argue that the claim for employment discrimination should be dismissed, because Ms. Primeaux cannot establish that the Postal Service acted in a discriminatory or retaliatory manner. The Postal Service asserts legitimate, nondiscriminatory reasons for the employment actions carried out with respect to Ms. Primeaux which are addressed below.

a. *Seven-Day Suspension Letter*

Defendants assert that Postmaster Percle issued this discipline because Ms. Primeaux had a preventable, at-fault accident while exiting the post office. After an investigation of the incident, Postmaster Percle determined that Ms. Primeaux was not

truthful about the accident. Two of Ms. Primeaux co-employees, namely Ms. Lafleur and Ms. Meche, submitted written statements confirming that Ms. Primeaux was not carrying items for the Postal Service, but was carrying a box of cupcakes when she missed a step and fell. Doc. 31-4 p. 17-18. Moreover, when presented with the Job Safety Analysis/Standard Operating Procedure a year before the fall, which specifically addressed her job duties and hot to perform them safely, Ms. Primeaux refused to sign and consent to the safety practices. Doc. 31-3 p. 40.

Defendants also note that Ms. Primeaux timely grieved the Notice of Seven-Day Suspension and this placed the suspension in abeyance pending its conclusion. Accordingly, Ms. Primeaux never served this Seven-Day Suspension.

### b. *Plaintiff's Modified Assignment Changing Scheduled Days*

Defendants argue that the Modified Assignment changing Ms. Primeaux's non-scheduled days to Sunday and Wednesday was made to comply with a Postal Service mandate to cut full-time overtime on Saturdays. In his affidavit, Postmaster Percle asserts that this change in schedule was mandated by the Southern Area. Doc 31-4 p. 12.

If an employer offers more than on reason for an adverse employment actions, a Title VII plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. *Jones v. Gulf Coast Restaurant Group, Inc.*, 8 F.4th 363, 368 (5th Cir. 2021). The Court notes that Ms. Primeaux did not file an opposition to the Defendants' Motion for Summary Judgment and therefore, when the motion is unopposed, the Court may accept the movant's evidence as undisputed. *Morgan,* 114 F.Supp.3d, 437. Accordingly, the Court finds that Ms. Primeaux has failed to meet her burden of proof that

she has been the victim of intentional discrimination and Defendant's Motion for Summary Judgment will be granted.

## **CONCLUSION**

For the reasons stated above, the Motion for Summary Judgment [Doc. 31] will be **GRANTED.**

**THUS DONE AND SIGNED** in Chambers on this 15th day of November, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**